## JOB S. BARNEY, Administrator of GEORGE W. EVANS *vs.* WILLIAM DOYLE.

### *Motion to set aside verdict, and order a nonsuit.*

By the 6th sec. of the judiciary act of 1799, the Superior Courts as *courts of law* have the power to establish lost papers, notes, &c. and when it is done, the copy may be sued on

THIS was an action of assumpsit founded on the copy of a note payable to bearer and lost, which copy had been regularly established in this court by its order, and judgment made in pursuance of the powers given it in the 6th sec. of the judiciary act of 1799 and the rule of court to carry it into effect.

At the trial the defendant objected to the copy being received in evidence, because it was not shown that the original

was destroyed, and might at that time be in the hand of a *bona fide* holder, who could compel a payment to him; and because the case presented by the plaintiff was not such as could be sustained by a court of law, but belonged exclusively to a Court of Equity' where the defendant would have an adequate indemnity against the risk of a future recovery by a third person. The case relied on chiefly, was that of Rowley *v.* Ball, 3 Cowen's Rep. 303. and the authorities there cited.

The evidence was received and a verdict taken with leave to set it aside, and award a nonsuit if the court should, on hearing argument, consider the objection to the evidence, and to its want of jurisdiction as a court of law over this case, well taken.

I have listened with much attention to the argument offered, and the authority which supports it. They are clear and strong, and but for the provision of our own acts and the proceedings in this case under them, would be irresistible.

It is admitted that a Court of Equity might compel the payment of such a note, though lost, or to establish a copy in lieu of the original; which however would be done on terms. Has or has not this court the same power? The 6th section of the Judiciary act of 1799, which speaks of the powers common to the Superior and Inferior Courts, gives to them two which were before peculiarly equitable. One of them is " to establish lost papers, &c. under such rules and precautions as are or may have been customary and according to law and equity." Now this cannot be assigned to the powers of this court as a Court of Equity, for it holds none of its special powers as a Court of Equity in common with any other court; they being conferred by a separate section, the 53d, where they are particularly enumerated; and for the establishment of lost papers, the Inferior Court, which is entirely a court of law, has equal powers with this Court. It must then be considered an enlargement of the powers of a court of law to embrace this subject. Has this court exercised the power? Its records and judgment show that it has, and that judgment standing unreversed, is conclusive, the subject matter of it being *res adjudicata inter partes*. It is said the defendant is in jeopardy, having no indemnity. This is unfortunate, and if the matter were now open, the court would protect him. But by the order of the court establishing a copy, the plaintiff has as perfect a right to a recovery as he would have if the original note were offered, or if he were in a Court of Equity in New York or in England.

The motion is overruled.

RICHMOND.

BARNEY, Adm'r. of EVANS *v.* DOYLE.

and recovered in the same manner as the original, and that without resort to a Court of Equity.